# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY NAJOR and LINDA NAJOR,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A,<br><br>Defendant. | Case No.: 3:19-cv-00015-H-AGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

On January 10, 2019, Defendant Wells Fargo Bank N.A. ("Defendant") filed a motion to dismiss Plaintiff Danny Najor's and Plaintiff Linda Najor's (collectively, "Plaintiffs") complaint. (Doc. No. 3.) On January 25, 2019, Plaintiffs filed a response. (Doc. No. 5.) On February 4, 2019, Defendant filed a reply. (Doc. No. 7.) Also on February 4, 2019, the Court submitted the motion on the parties' papers and vacated the hearing scheduled for February 11, 2019. (Doc. No. 6.) For the reasons below, the Court grants the motion to dismiss with leave to amend.

## Background

The following facts are taken from the allegations in Plaintiffs' complaint. (Doc. No. 1-2.) Plaintiffs owned a home at Solana Beach. (Id. ¶ 7.) Defendant serviced the Plaintiffs' home mortgage. (Id.) After Plaintiffs fell behind on payments, Defendant

initiated foreclosure proceedings. (Id.) Plaintiffs filed a lawsuit against Defendant contending that Defendant violated the law during the forfeiture proceedings. (Id. ¶ 8.) The parties settled. (Id.) Plaintiffs allege that as part of the settlement agreement, Defendant "agreed to forbear on any foreclosure efforts until November 15, 2018 to allow [Plaintiffs] to sell the house." (Id.)

Plaintiffs received an all-cash $2.8 million offer for the house that was due to release contingencies on August 4, 2018. (Id. ¶ 9.) On August 1, 2018, Defendant posted a notice of trustee sale on the property, set for September 10, 2018. (Id.) Plaintiffs received a $3.1 million offer on August 6, 2018, with a finance contingency. (Id.) Knowing that the buyer could not satisfy the finance contingency due to the notice of trustee sale, Plaintiffs accepted the $2.8 million offer. (Id.)

On November 11, 2019, Plaintiffs filed a complaint for damages against Defendant in the Superior Court of California, County of San Diego. (Doc. No. 1-2 at 2.) On January 3, 2019, Defendants filed a notice of removal with this Court. (Doc. No. 1.)

## Discussion

### I. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets

omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

Defendant argues that the recordation of the notice of trustee's sale did not constitute a breach of the release agreement. (Doc. Nos. 3-1 at 4–7; 7 at 2.) Plaintiffs argue that Defendant's posting of the notice of trustee's sale on August 1, 2018 contravened the purpose of the release agreement restriction, which required that Defendant not hold a foreclosure sale until November 2018. (Doc. No. 5 at 2.) The Court agrees with Defendant.

"A court may resolve contractual claims on a motion to dismiss if the terms of the contract are unambiguous." Alta Devices, Inc. v. LG Elecs., Inc., 343 F. Supp. 3d 868,

878–79 (N.D. Cal. 2018) (citing <u>Bedrosian v. Tenet Healthcare Corp.</u>, 208 F.3d 220 (9th Cir. 2000)). Here, the terms of the contract unambiguously restrict a foreclosure sale, but do not restrict the posting of a notice of a trustee's sale or its recordation:

> 3.2 If Plaintiffs timely and fully comply with their obligations in Section 3.1 of this Agreement, Defendants agree to:
>
> (a) Forbear from conducting a foreclosure sale of the Property for a period of six (6) months from May 15, 2018, such that no trustee's sale of the Property will occur sooner than November 15, 2018, in order to allow Plaintiffs an opportunity to list, obtain an offer for, and consummate a private sale of the Property. . . .

(Doc. 1-2 at 7.) The Court concludes that the terms of the contract unambiguously do not restrict Defendant's ability to post a notice of a trustee's sale or record such notice. Accordingly, the Court grants Defendant's motion to dismiss.

## **Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to dismiss. The Court will permit Plaintiffs to file an amended complaint that addresses the deficiencies identified in this order. However, Plaintiffs should note that the Court will only grant future opportunities to amend if Plaintiffs could "possibly cure the deficiency." See <u>Telesaurus</u>, 623 F.3d at 1003. The Court orders Plaintiffs to file an amended complaint on or before **March 8, 2019**.

**IT IS SO ORDERED.**

DATED: February 5, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

4

3:19-cv-00015-H-AGS