# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY NAJOR and LINDA NAJOR,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.: 3:19-cv-00015-H-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

On March 22, 2019, Defendant Wells Fargo Bank N.A. ("Defendant") filed a motion to dismiss Plaintiff Danny Najor's and Plaintiff Linda Najor's (collectively, "Plaintiffs") first amended complaint. (Doc. No. 11.) On April 5, 2019, Plaintiffs filed a response. (Doc. No. 15.) On April 12, 2019, Defendant filed a reply. (Doc. No. 16.) Also on April 12, 2019, the Court submitted the motion on the parties' papers and vacated the scheduled hearing. (Doc. No. 17.) For the reasons below, the Court grants in part and denies in part the motion to dismiss without leave to amend.

/ / /

**Background**

The following facts are taken from the allegations in Plaintiffs' first amended complaint. (Doc. No. 11.) Plaintiffs owned a home at Solana Beach. (Id. ¶ 7.) Defendant serviced the Plaintiffs' home mortgage. (Id.) After Plaintiffs fell behind on payments, Defendant initiated foreclosure proceedings. (Id.) Plaintiffs filed a lawsuit against Defendant contending that Defendant violated the law during the forfeiture proceedings. (Id. ¶ 8.) The parties settled. (Id.) Plaintiffs allege that as part of the settlement agreement, Defendant "agreed to forbear on any foreclosure efforts until November 15, 2018 to allow [Plaintiffs] to sell the house." (Id.)

Plaintiffs received an all-cash $2.8 million offer for the house that was due to release contingencies on August 4, 2018. (Id. ¶ 9.) On August 1, 2018, Defendant posted a notice of trustee sale on the property, set for September 10, 2018. (Id.) Plaintiffs received a $3.1 million offer on August 6, 2018, with a finance contingency. (Id.) Knowing that the buyer could not satisfy the finance contingency due to the notice of sale, Plaintiffs accepted the $2.8 million offer. (Id.)

**Discussion**

**I. Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

However, Federal Rule of Civil Procedure 9(b)'s particularity standard governs Plaintiffs' fraud claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003); Eidson v. Medtronic, Inc., 40 F. Supp. 3d 1202, 1235 (N.D. Cal. 2014). The Ninth Circuit has explained that:

> Under Rule 9(b), a plaintiff must state with particularity the circumstances constituting fraud. This means the plaintiff must allege the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false. Knowledge, however, may be pled generally.
>
> Under [Ninth Circuit] case law, Rule 9(b) serves two principal purposes. First, allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. Thus, perhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading.
>
> Second, the rule serves to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis. By requiring some factual basis for the claims, the rule protects against false or unsubstantiated charges.
>
> Consistent with these requirements, mere conclusory allegations of fraud are insufficient. Broad allegations that include no particularized supporting detail do not suffice, but statements of the time, place and nature of the alleged fraudulent activities are sufficient. Because this standard does not require absolute particularity or a recital of the evidence, a complaint need not allege a precise time frame, describe in detail a single specific transaction or identify the precise method used to carry out the fraud.

United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016) (citations, quotation marks, alterations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

### A. Breach of Contract Claim

Plaintiffs allege that Defendant breached the settlement agreement when it posted the notice of trustee sale. (Doc. No. 11 ¶¶ 10–14.) Plaintiffs argue that Defendant's posting of the notice of trustee sale on August 1, 2018 constituted a repudiation of the contract. (Doc. No. 15 at 2.) Defendant argues that it did not breach any express term of the contract in posting or recording the notice, that Plaintiffs' allegations are vague and brief, and that Plaintiffs have not plausibly alleged damages. (Doc. No. 13-1 at 4–10.) The Court concludes that this issue is better addressed at a later stage in the proceedings when the record is more fully developed.

An "[a]nticipatory breach occurs when one of the parties to a bilateral contract repudiates the contract. The repudiation may be express or implied. An express repudiation is a clear, positive, unequivocal refusal to perform[.] . . . [A]n implied

4

3:19-cv-00015-H-AGS

repudiation results from conduct where the promisor puts it out of his power to perform so as to make substantial performance of his promise impossible[.]" Taylor v. Johnston, 15 Cal. 3d 130, 137, 539 P.2d 425, 430 (1975) (internal citations omitted). If an anticipatory repudiation occurs, the injured party may either sue when the repudiation occurs or wait for performance under the contract. See id.; Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1131 (C.D. Cal. 2002).

Here, Plaintiffs argue that the public recordation of the notice of trustee sale constituted an anticipatory repudiation of the contract. (Doc. No. 15 at 2.) According to Plaintiffs, on August 1, 2018, Defendant posted a notice of trustee sale set for September 10, 2018 (rather than the agreed upon November 15, 2018 date). (Doc. No. 11 ¶ 9.) The Court concludes that, under these circumstances, Plaintiffs have plausibly alleged an anticipatory repudiation by Defendant.

Defendant argues further that Plaintiff's allegations are vague and brief, and that Plaintiffs have not plausibly alleged damages. (Doc. No. 13-1 at 4–10.) According to Plaintiffs, the notice of sale prevented another buyer from purchasing the home because of a finance contingency. (Doc. No. 11 ¶ 9.) After Defendant's alleged repudiation, Plaintiffs sold the property before a foreclosure sale occurred. (See id.) They then sued for breach of contract arising from the posting of a notice of a trustee sale and its recordation, among other claims. (See Doc. No. 11.) They allege that they sold the property at a $300,000 loss as a result of the notice of trustee sale. The Court concludes that the issues raised by Defendant are better addressed at a later stage in the proceedings when the record is more fully developed. Specifically, the issue of whether the notice of trustee sale caused Plaintiffs' damages is better decided once the finance contingency at issue is a part of the record. Moreover, Defendant's argument that it quickly remedied the purported breach is also better addressed when the record is more fully developed. Accordingly, the Court declines to dismiss Plaintiffs' breach of contract claim.

///

///

## B. Fraud Claim

Plaintiffs assert a claim for fraud. (Doc. No. 11 ¶¶ 15–20.) Defendant argues that Plaintiffs cannot convert their breach of contract claim into a tort claim, that Plaintiffs' allegations do not satisfy the Rule 9(b) heightened pleading standard, and that Plaintiffs have failed to plead reliance and damages. (Doc. No. 13-1 at 10–13.) Plaintiffs argue that they have alleged all the necessary elements and supporting facts to maintain a fraud claim. (Doc. No. 15 at 4–5.) The Court concludes that Plaintiffs may assert a fraud claim and that Defendant's remaining contentions are better addressed at a later stage in the proceedings when the record is more fully developed.

Preliminarily, the Court concludes that Plaintiffs may assert a fraud claim. Under California law, "a breach of contract is tortious only when some independent duty arising from tort law is violated." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990, 102 P.3d 268, 274 (2004). "[A] tortious breach of contract . . . may be found when . . . the breach is accompanied by a traditional common law tort, such as fraud or conversion[.]" Id. (citing Erlich v. Menezes, 21 Cal. 4th 543, 553–554 (1999)).

Under California law, "[t]he elements of fraud . . . are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of California, 45 Cal. 4th 1244, 1255 (2009). As noted above, Rule 9(b)'s particularity standard governs Plaintiff's fraud claim. See Vess, 317 F.3d at 1105; Eidson, 40 F. Supp. 3d at 1235.

Defendant argues that Plaintiffs' allegations do not satisfy the Rule 9(b) heightened pleading standard. (Doc. No. 13-1 at 10–13.) Plaintiffs contend that the Defendant misrepresented that it intended to resolve all the foreclosure actions in the agreement to settle Plaintiffs' lawsuit because Defendant subsequently posted a notice foreclosure sale three months later. (Doc. No. 11 ¶ 15–20; Doc. No. 15 at 5.) According to Plaintiffs, the posting and recordation of the notice of trustee sale after the parties settled provides factual support for their allegation that Defendant intended to induce Plaintiffs' reliance on the

misrepresentation. (Doc. No. 15 at 5.) Plaintiffs also add that they pled reliance and damages because they relied on the misrepresentation in settling the lawsuit and incurred damages by selling the property at a $300,000 loss. (Id. at 4–5.) Defendants contend that Plaintiffs have not provided sufficient factual support as to Defendant's intent. (Doc. No. 13-1 at 12.) As with the damages issue discussed above, the Court concludes that this issue is better addressed at a later stage in the proceedings when the record is more fully developed. Based on these allegations, the Court declines to dismiss Plaintiffs' fraud claim.

### C. Covenant of Good Faith and Fair Dealing Claim

Plaintiffs argue that, by recording the notice, Defendant interfered with their ability to benefit from the bargain and thereby breached the covenant of good faith and fair dealing. (Doc. No. 15 at 2.) Plaintiffs contend that the agreement expressly provides that Defendant was to forbear from conducting a foreclosure sale before November 15, 2018, in order to allow Plaintiffs the opportunity to conduct a private sale of the property. (Doc. No. 15 at 3.) By recording a notice of foreclosure sale, Plaintiffs continue, Defendant hampered Plaintiffs' ability to conduct a private sale. (Id.) Defendant argues that Plaintiffs cannot cite a provision of the agreement that Defendant violated, and that Plaintiffs have not alleged how the posting and recordation of the notice of trustee sale interfered with the sale of the property. (Doc. No. 13-1 at 5–10.) The Court declines to dismiss Plaintiffs' claim for breach of the covenant of good faith and fair dealing.

Under California law, a covenant of good faith and fair dealing is implied into every contract, unless the contract expressly provides otherwise. Kelly v. Skytel Commc'ns, Inc., 32 F. App'x 283, 285 (9th Cir. 2002) (citing Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371 (1992) (In Bank)). The covenant of good faith and fair dealing "requires each party to do all things reasonably contemplated by the contract's terms to accomplish its goals, and to refrain from doing anything that would destroy or injure another party's right to receive the fruits of the contract." Id. (citing Kendall v. Ernest Pestana, Inc., 40 Cal.3d 500 (1985) (In Bank); Ocean Servs. Corp. v. Ventura Port

Dist., 15 Cal. App. 4th 1762, 1780–81 (1993)).

Here, according to the agreement, Defendant was to forbear on conducting a foreclosure sale to allow Plaintiffs an opportunity to list, obtain and offer for, and sell the property:

> 3.2 If Plaintiffs timely and fully comply with their obligations in Section 3.1 of this Agreement, Defendants agree to:
>
> (a) Forbear from conducting a foreclosure sale of the Property for a period of six (6) months from May 15, 2018, such that no trustee's sale of the Property will occur sooner than November 15, 2018, in order to allow Plaintiffs an opportunity to list, obtain an offer for, and consummate a private sale of the Property. . . .

(Doc. 11 at 7.) If, as Plaintiffs allege, the foreclosure notice prevented the private sale from occurring, that notice arguably hampered Plaintiffs' "opportunity to list, obtain an offer for, and consummate a private sale of the Property." In other words, the recordation potentially could have interfered with Plaintiffs' ability to benefit from the bargain. Accordingly, Plaintiffs have alleged a claim for beach of the covenant of good faith and fair dealing.

**D. Nuisance Claim**

Plaintiffs argue that the recordation of the notice of trustee sale constituted a private nuisance. (Doc. No. 11 ¶¶ 24–30.) Defendant argues that the allegations do not constitute a nuisance claim. (Doc. No. 13-1 at 14–15.) The Court agrees with Defendant.

Under California law, a nuisance is defined as, in part, "[a]nything which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. . . ." Cal. Civ. Code § 3479. Further, "[t]o qualify as a nuisance 'the interference must be both

substantial and unreasonable.'" Redevelopment Agency of City of Stockton v. BNSF Ry. Co., 643 F.3d 668, 673 (9th Cir. 2011) (citations and emphasis omitted).

Here, Plaintiffs have not met their threshold burden in alleging "an obstruction to the free use of property." Cal. Civ. Code § 3479. Plaintiffs allege that "Defendant created a condition that was an obstruction to the free use of the property by clouding the title by recording a notice of a September 10, 2018 foreclosure sale." (Doc. No. 11 ¶ 26.) Plaintiffs provide no authority for the proposition that the recordation of a notice of trustee sale constitutes a nuisance. Nor could the Court find any such authority. To the contrary, courts have dismissed similar nuisance claims in cases challenging actions taken to facilitate a foreclosure. See, e.g., Boles v. Merscorp, Inc., No. CV 08-1989 PSG (EX), 2009 WL 734133, at *7 (C.D. Cal. Mar. 18, 2009) ("While the institution of foreclosure proceedings touches upon Plaintiff's interest in his land, it does not interfere with his 'use and enjoyment of the land' as that term is understood in nuisance law." (citing 13 Witkin on California Law §§ 133–52 (10th ed. 2005)); Dumas v. Saxon Mortg. Servs., Inc., No. 1:12-CV-00382-AWI, 2012 WL 1801694, at *4 (E.D. Cal. May 16, 2012) (holding that while multiple, middle-of-the-night telephone calls concerning a foreclosure were "perhaps a 'nuisance' in the ordinary sense of the word," they did not constitute an interference with the use and enjoyment of land and thus were not "a legal nuisance."). Accordingly, the Court dismisses Plaintiffs' nuisance claim. Given the absence of case law supporting a nuisance claim on these facts, the Court concludes that Plaintiffs cannot cure the deficiency in their nuisance claim and denies leave to amend, absent further order of the Court.[1] See Telesaurus, 623 F.3d at 1003 ("A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" (internal quotation marks and citations omitted)).

///

---

[1] If Plaintiffs believe they can allege additional facts supporting their nuisance claim, they may file a motion for reconsideration alleging the additional facts and supporting case law. However, the Court notes that this would cause delay of the Early Neutral Evaluation conference and other proceedings.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendant's motion to dismiss. The Court orders Defendant to file a response to the first amended complaint on or before **May 24, 2019**.

**IT IS SO ORDERED.**

DATED: April 24, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT